# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>JOSEPH RUSSO<br><br>Debtor<br><br>FRANCIS GORDON,<br><br>Plaintiff<br><br>v.<br><br>JOSEPH RUSSO,<br><br>Defendant | Chapter 7<br>Case No. 17-13965-MSH<br><br><br><br><br><br>Adversary Proceeding<br>No. 17-1149 |

## MEMORANDUM OF DECISION ON PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

The plaintiff in this adversary proceeding, Francis Gordon, seeks summary judgment in his favor on two counts of his complaint against the defendant, Joseph Russo, the chapter 7 debtor in the main case. These counts assert claims that Mr. Russo's debt to Mr. Gordon arising from a final judgment of the Massachusetts Superior Court for Suffolk County dated July 8, 2015 in Civil Action 2009-04614-G in the amount of $138,000 (the "Gordon Judgment") should be excluded from Mr. Russo's bankruptcy discharge by virtue of Bankruptcy Code § 523(a)(2)(A) (count I) and § 523(a)(4) (count II).[1]

---

[1] All references to the Bankruptcy Code or Code refer to title 11 of the United States Code, 11 U.S.C. 101 *et seq*.

1

Bankruptcy Code § 523(a)(2)(A) makes non-dischargeable any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Bankruptcy Code § 523(a)(4) excludes from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

The unadorned facts giving rise to Mr. Gordon's complaint are not in dispute. Mr. Gordon, Mr. Russo and others were members of a single purpose limited liability company (LLC) organized in 2004 to develop a four-unit residential condominium project in Cambridge. Mr. Gordon's role was to perform and oversee the construction work while Mr. Russo acted as the manager of the LLC. The deal was that the members of the LLC would evenly split the profits from the condominium project. By 2007 the project had been completed and all the units sold. Mr. Gordon received not a penny in profit distributions from the LLC.

This resulted in the superior court proceeding initiated by Mr. Gordon on October 28, 2009. In that proceeding, Mr. Gordon claimed that Mr. Russo had cheated him out of his rightful share of the profits from the Cambridge project, while Mr. Russo claimed that for various reasons, Mr. Gordon was not entitled to any of the profits from the project. After a trial, the superior court issued its findings of fact and rulings of law and subsequently issued the Gordon Judgment. The court determined that the condominium project had generated profits and that Mr. Russo fraudulently deprived Mr. Gordon of his share. The superior court also determined that Mr. Russo falsely represented to Mr. Gordon at the inception of the deal that Mr. Gordon's profit share from the project would be 25% based on an equal split among four members of the LLC while concealing from Mr. Gordon the existence of a fifth individual who would share equally in

2

the profits. From these determinations and others, the superior court concluded that Mr. Russo was liable to Mr. Gordon for falsely representing to him the terms of their deal from its inception and for fraudulently converting Mr. Gordon's share of the profits from the project. This resulted in the Gordon Judgement.

In requesting that I enter summary judgment in his favor, Mr. Gordon takes the position that I am bound by the findings and rulings of the superior court and that those findings and rulings support a determination that the Gordon Judgment is non-dischargeable under Bankruptcy Code § 523(a)(2)(A) and (a)(4).

Under the federal full faith and credit statute, 28 U.S.C. § 1738, a federal court, including a bankruptcy court, presented with a state court judgment must give that judgment the same preclusive effect as it has in the state in which it was rendered. *Silva v. Massachusetts*, 351 Fed. Appx. 450, 457-58 (1st Cir. 2009) (quoting *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008)); *see also In re First Actuarial Corp. of Illinois*, 182 B.R. 178, 182-83 (Bankr. W.D. Mich. 1995). Thus, with respect to the Gordon Judgment, Massachusetts law will govern my determination of the preclusive effect, if any, of that judgment.

Massachusetts law recognizes two types of preclusion with respect to prior litigation: claim preclusion (also called res judicata) and issue preclusion (also known as collateral estoppel). *Andrew Robinson Int'l Inc. v. Hartford Fire Ins. Co.*, 547 F.3d 48, 52 (1st Cir. 2008). In *Silva v. Massachusetts*, the United States Court of Appeals for the First Circuit laid out the criteria governing the application of the doctrines of claim and issue preclusion under Massachusetts law. As to claim preclusion the *Silva* court instructed:

> Res judicata, or claim preclusion, prevents the relitigation of all claims that a litigant had the opportunity and incentive to fully litigate in an earlier action. . . . Under Massachusetts law, the operation of res judicata requires the presence of three elements: (1) the identity or privity of the parties to the present and prior

3

actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.

*Silva*, 351 Fed. Appx. at 458 (internal quotations and citations omitted). The *Silva* court explicated issue preclusion as follows:

> The Massachusetts courts use several formulations interchangeably to describe the prerequisites for issue preclusion, but the Supreme Judicial Court recently stated that issue preclusion applies when (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication. Additionally, (4) the issue decided in the prior adjudication must have been essential to the earlier judgment. Massachusetts courts also require that (5) appellate review must have been available in the earlier case before issue preclusion will arise.

*Silva*, 351 Fed. Appx. at 458-59 (internal quotations omitted) (citing *Pisnoy v. Ahmed (In re Sonus Networks, Inc., Shareholder Derivative Litig.)*, 499 F.3d 47, 56–57 (1st Cir. 2007)).

Applying the *Silva* guidelines, I find that the superior court's findings and rulings giving rise to the Gordon Judgment are binding in this adversary proceeding under both claim and issue preclusion principles. The parties here were the parties in the superior court action. The Gordon Judgment is a final judgment on the merits that was appealable. There is an identity of the cause of action between the state court action and this adversary proceeding because the nucleus of operative facts giving rise to these actions is identical. *See Andrew Robinson*, 547 F.3d at 52 ("Discrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts."). Contrary to what Mr. Russo contends, the issues decided in the state court action were essential to the issuance of the Gordon Judgment. And finally, also contrary to Mr. Russo's contention, those issues are identical to the issues raised in the non-dischargeability counts here.

Mr. Russo questions my ability to rely exclusively upon the superior court's findings and rulings in granting summary judgment in Mr. Gordon's favor on his § 523(a)(2)(A) count for

4

misrepresentation. He invokes, correctly, the First Circuit's six-part *Palmacci* test for establishing non-dischargeability under § 523(a)(2)(A):

> 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the misrepresentation, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

*McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 32 (1st Cir. 2001) (footnote omitted) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). Mr. Russo maintains that in finding him liable for misrepresentation, the superior court failed to make one of the required *Palmacci* findings, namely that Mr. Gordon's reliance on Mr. Russo's misrepresentation as to the terms of their deal was justifiable. He raises this as a disputed material fact which would mandate denial of Mr. Gordon's summary judgment motion as to count I of his complaint.

Mr. Russo engages in an overly constrained reading of the superior court's findings and rulings. First of all, the superior court found that based upon Mr. Gordon's expectation of receiving his equal 25% profit share from the project, Mr. Gordon performed all the construction work to complete the condominium units. This constitutes a finding of actual reliance by Mr. Gordon on Mr. Russo's misrepresentation as to the terms of the profit sharing arrangement. In finding that Mr. Russo falsely represented to Mr. Gordon that he would receive 25% of the profits from the condominium project, the superior court then concluded that Mr. Russo had committed the tort of misrepresentation. In doing so the superior court cited to "MA Superior Court Civil Jury Instructions, § 20.1," which I presume refers to the then-operative version of § 20.1 of the Massachusetts Superior Court Civil Practice Jury Instructions, published by Massachusetts Continuing Legal Education. *See* Massachusetts Superior Court Civil Practice

5

Jury Instructions § 20.1 (Joseph D. Lipchitz and Hon. Paul D. Wilson eds., 3rd ed. 2014 & Supp. 2018).

Section 20.1 of the Massachusetts Superior Court Civil Practice Jury Instructions sets forth the criteria for establishing intentional misrepresentation (fraud/deceit), and section 20.1.7 states that "the plaintiff may recover only if [his/her] reliance on the defendant's statement was reasonable and justifiable under the circumstances." *See id.* at § 20.1.7; *see also Collins v. Huculak*, 57 Mass. App. Ct. 387, 391 (2003) ("The recipient of a fraudulent misrepresentation can recover against its maker . . . only if . . . his reliance is justifiable.") (citing Restatement (Second) of Torts § 541 cmt. a (Am. Law Inst. 1977)). By adopting the definition of misrepresentation set forth in the Massachusetts Superior Court Civil Practice Jury Instructions in making its finding that Russo made a misrepresentation to Gordon, the superior court found that the element of justifiable reliance had been established.

Mr. Russo also takes issue with my ability to grant summary judgment on Mr. Gordon's § 523(a)(4) count for embezzlement, larceny or fiduciary fraud or defalcation. While Mr. Russo acknowledges that the superior court found that Mr. Russo owed a fiduciary duty to Mr. Gordon and breached that duty, Mr. Russo asserts that this is not the type of fiduciary duty referred to in the non-dischargeability statute of the Code. Mr. Russo attempts to distinguish the fiduciary duty owed between business partners or shareholders of a closely held company, which the superior court relied on, from the express or technical trust relationship, which the federal statute more narrowly contemplates.

There is well-reasoned authority supporting the proposition that the fiduciary relationship between partners or between shareholders of close corporations under Massachusetts law qualifies for inclusion under § 523(a)(4). *See, e.g.*, *Farley v. Romano (In re Romano)*, 353 B.R.

6

738 (Bankr. D. Mass. 2006) (citing *Baker v. Friedman (In re Friedman)*, 298 B.R. 487, 498 (Bankr. D. Mass 2003), concluding that "partnerships satisfy the necessary elements of an express trust and that partners act in a fiduciary capacity toward each other for purposes of § 523(a)(4)," and *In re Frain,* 230 F.3d 1014 (7th Cir. 2000), holding that "a fiduciary capacity for purposes of § 523(a)(4) could be established by the existence of a contract and substantial ascendancy of one shareholder over another as an alternative to an express or technical trust"). It is not necessary, however, for me to base a judgment of non-dischargeability under § 523(a)(4) on a breach of fiduciary duty because, in addition to a breach of fiduciary duty, the superior court found that Mr. Russo's conduct amounted to embezzlement.

For § 523(a)(4) purposes, "[e]mbezzlement does not require the existence of a fiduciary relationship." *Deghmane v. Tavitian (In re Tavitian)*, Case No. 16-13829, Adv. P. No. 16-1191, 2018 WL 3064241, at *7 (Bankr. D. Mass. June 19, 2018). In *Sherman v. Potopov (In re Sherman)*, the First Circuit defined embezzlement for purposes of § 523(a)(4) as follows:

> Embezzlement is the fraudulent conversion of the property of another by one who is already in lawful possession of it. . . . Thus, to amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent . . . It is knowledge that the use is devoid of authorization, *scienter* for short . . . that makes the conversion fraudulent and thus embezzlement.

*Sherman v. Potopov (In re Sherman)*, 603 F.3d 11, 13 (1st Cir. 2010) (internal quotations and citations omitted). The superior court found that Mr. Russo, who as manager of the LLC had the lawful right to receive the proceeds of the sale of condominium units in the project, fraudulently converted $138,000 of such proceeds that rightfully belonged to Mr. Gordon. This was embezzlement.

Applying principles of claim and issue preclusion arising from the state court's findings and rulings giving rise to the Gordon Judgment, I conclude that there are no remaining issues of

material fact subject to dispute as to counts I and II of Mr. Gordon's complaint and that as a matter of law he is entitled to judgment in his favor on those counts. A separate judgment shall enter accordingly.

SO ORDERED this 7th day of June, 2019.

By the Court,

_____

Melvin S. Hoffman
U.S. Bankruptcy Judge


Counsel Appearing:      Donald Hubbard, Esq.
                        Boston, Massachusetts
                          For the Plaintiff, Francis Gordon

                        William C. Parks, Esq.
                        Boston, Massachusetts
                          For the Defendant, Joseph Russo